EASTERN DIS.
*April*, 1841.

DIGGS, HOBSON
& CO.
*vs.*
PARISH ET AL.

## DIGGS, HOBSON & CO. *vs.* PARISH ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The rule that a party wishing to avail himself of the confessions made by the adverse party cannot divide them and must take them entire, does not apply to the *admissions made in the pleadings;* but only to answers to interrogatories, or to *judicial conefssions*.

Admissions in the answer are sufficient to dispense the plaintiff with proving his demand; and the *onus probandi* lies on the defendant to establish his defence. He who pleads payment admits the existence of the debt, and must prove payment, or the plaintiff will have judgment.

This is an action to compel the defendant, Henry Parish, to deliver up a bill of exchange, in his possession and deposited in the Canal Bank.

The plaintiffs allege they agreed to sell the defendant a bill of exchange for $1450, drawn by Picket, Banks & Co., on John B. Diggs, and by the payees and these petitioners endorsed, to be paid for immediately in Mississippi funds at par; and which was delivered to the defendant, who has failed to com-

ply with his engagement; having only paid $500. They pray EASTERN DIS.
*April,* 1841.

DIGGS, HOBSON
& CO.
*vs.*
PARISH ET AL.
that the bill be delivered up to them as their property, or in
default thereof, that the defendant pay to them the sum of $950;
and that they have a privilege on the bill or its proceeds to se-
cure payment.

The defendant, after pleading the general issue, admitted the
purchase of the bill and payment of $500; and for the remain-
der, avers he transferred, to the plaintiffs, a debt due to him by
the commercial firm of E. B. Cook & Co., of Vicksburg, which
he states they agreed to receive according to certain arrange-
ments and circumstances, &c. He further shows that he has
suffered damages in the sum of $1500, by the sequestration of
the bill in question, which he claims in reconvention.

Upon these pleadings and issues the case was tried.

The plaintiffs offered no proof, but relied on the admissions
of the defendant in his answer.

The district judge, however, decided that the admissions in
the answer could not be divided; but must be taken entire;
and although they admitted the purchase of the bill, they at the
same time showed its payment. There was judgment against
the plaintiffs, in the main suit, and in favor of the defendant for
the amount of the bill, on the reconventional demand.

The plaintiffs appealed.

*I. W. Smith,* for the plaintiffs and appellants, insisted that
the judge *a quo* erred in deciding that the admissions in the
defendant's answer, must be coupled with his statement of facts
tending to show his own right to the draft sequestered. This
rule does not apply to the admissions made in the pleadings, but
to answers to interrogatories only. Were it otherwise, the
debtor who admits the debt and pleads payment or other matter
in discharge, might require his admission and plea to be taken
together. *Code of Practice, art.* 477.

2. The judge *a quo* erred in refusing to strike out the plea in
reconvention. There was no connexity, and the plaintiffs can-
not be said to reside out of the state, when one of them resides

EASTERN DIS.
*April*, 1841.

DIGGS, HOBSON
& CO.
*vs.*
PARISH ET AL.

in New Orleans.  The amendment of 1839 is not applicable.
*Acts of* 1839, *p.* 164, *sec.* 7.

3.  The evidence of the plaintiffs' liability is insufficient.
It was no fault of the plaintiffs that the draft was not protested.
The sheriff should have had it protested.  There is no proof
of the acceptors insolvency.

*Peyton,* for the appellee.

*Simon, J.* delivered the opinion of the court.

This is an action in which the plaintiffs seek to recover pos-
session of the Bill of Exchange which was the subject of the
suit of *Parish* vs. *Hozey, sheriff,* lately decided by this court,
*ante.*  They represent that on the 15th of April, 1839, they
agreed to sell, to the defendant, a Bill of Exchange, &c. amount-
ing to $1450, that said defendant did not comply with the prin-
cipal condition of the contract, which was to pay the whole
amount of the price thereof immediately, but only paid $500
on account of said price; and that consequently they have re-
mained the owners of the bill.  They further state that the
defendant, having obtained possession of said bill, deposited the
same, for collection, in the New Orleans Canal and Banking
Company; that he and said bank are bound to deliver it up to
them, and that, at all events, should they be unable to prove
their title as owners of the bill, they are entitled to the vendor's
privilege on the same or its proceeds for the balance of said
price.  They pray that the defendants be condemned *in solido*
to deliver up the bill in question, &c., and that the same be se-
questered according to law.

A writ of sequestration was issued, by virtue of which the
sheriff took said bill into his possession and safe keeping; and
afterwards the defendant joined issue by alleging the bill of
exchange, sequestered, to be his property in consequence of
his having purchased the same from the plaintiffs, and of his
having paid the price thereof, in the manner by him stated in
his answer.  Defendant further averred that by the sequestra-

EASTERN DIS.
*April*, 1841.

DIGGS, HOBSON
& CO.
*vs.*
PARISH ET AL.

tion of the bill he has been deprived of the money; that in consequence of said sequestration, the sheriff failed to have it protested at maturity, and that he, (defendant, Parish) has sustained damages to the amount of $1500, which he pleads in reconvention. The District Court rejected the plaintiffs' demand, and rendered judgment against them on the reconventional plea set up by the defendant, for the whole amount of the bill of exchange ; from which judgment, said plaintiffs appealed.

No evidence whatever was adduced by the plaintiffs in support of their action; they solely relied on the admissions of the contract of sale and of the consideration thereof, contained in the defendant's answer, expecting that said defendant should be required to prove the payment by him alleged; and it is now contended by their counsel that the judge *a quo* erred in deciding that those admissions must be coupled with the defendant's statement of facts, tending to show his discharge, and his own right to the bill sequestered.

We cannot concur in opinion with the inferior court : The plaintiff's action is based on an alleged contract of sale of the bill of exchange in question; the price, as they state, was $1450, payable immediately on the delivery of the bill, in current Mississippi funds to be taken at par, a part of which, ($500) was paid in cash by the defendant, and judgment is prayed for the return of said bill or for the balance of its price. The defendant admits that he purchased the bill from the plaintiffs, and that he paid $500 in cash on account of the purchase money; but he further states, in his answer, that he paid the remainder in the transfer and assignment of a debt then due to him by the commercial firm of E. B. Cook & Co.; that the plaintiffs agreed to look to them for the said remainder; that the firm of Cook & Co. agreed and promised to pay said plaintiffs the amount due by them to the defendant, so transferred in payment of the balance of the purchase money, and that such was the agreement at the time of the purchase, and that the plaintiffs consented to receive a verbal transfer of said debt of Cook & Co. and the sum of $500 *in full payment* of

EASTERN DIS.  the price of the said bill of exchange and to release defendant
*April*, 1841.  from all recourse or claim against him, &c.

DIGGS, HOBSON  The defendant having admitted the material facts alleged in
& CO.  the plaintiffs' petition as the foundation of their action, said
PARISH ET AL.  plaintiffs had perhaps nothing to prove; but it was clearly the
duty of the defendant to establish, by legal evidence, all the
other matters by him set up in his answer, going to show
his compliance with the terms of sale by the payment of the
whole amount of the price thereof.

The rule that a party wishing to avail himself of the confes-
sions made by the adverse party, cannot divide them, and must
take them entire, does not apply to the *admissions made in the
pleadings*, but only to answers to interrogatories; *Code of Prac-
tice, Art.* 356 ; or to judicial confessions made according to the
*Art.* 2270 *of the Louisiana Code ;* the reason is, with regard
to answers to interrogatories, that they are called for by the
other party, that they are sworn to, and that it is not to be pre-
sumed that a party would state under oath any fact which he
knew to be false.   But to carry the rule further and to apply
it to the matters which are pleaded by a party in his answer in
evidence of the plaintiffs' demand, after his having admitted
the debt or obligation, would, in our opinion, be a strange and
absurd doctrine.   It is of every day's occurrence, in practice,
that a debtor, who is sued on a contract or note, admits its
existence or his signature thereto, and then set up a plea of
payment or other matter in discharge of his adversary's claim.
Surely, it cannot be pretended that, in such case, the defend-
ant would acquire his discharge from the obligation or debt
sued on, because, after having spared to his adversary the
trouble of proving the signature to the note or execution of
the contract, he thought proper to set up a plea of payment,
which is often unfounded, and sometimes resorted to to make
a show of defence.   This would be a very dangerous practice,
and, to say the least of it, a very inconvenient one; as, for fear
of endangering their rights plaintiffs would always think them-
selves bound to prove their obligations, notwithstanding the

*The rule that
a party wishing
to avail himself
of the confes-
sions made by
the adverse par-
ty cannot divide
them and must
take them en-
tire; does not
apply to the ad-
missions made
in the plead-
ings, but only
to answers to
interrogatories
or to judicial
confessions.*

written waivers or admissions contained in the answers of their opponents. We have, however, repeatedly held that such admissions are sufficient to dispense the plaintiffs with proving their demands, and that the *onus probandi* lies upon the defendants to establish their defence : Thus, in the case of *Jones* vs. *Bishop*, 12 *Louisiana Reports*, 398, this court said that the plea of payment admits the existence of the debt, and that, therefore, unless the defendant can prove payment, the plaintiffs will have judgment. Our jurisprudence is well settled on this subject, and the judge *a quo* ought to have required the defendant to prove the payment by him alleged in his answer, beyond the $500, admitted on both sides to have been paid in cash, at the time of the purchase ; and if he had not done so, judgment should have been rendered against the defendant for the balance of the purchase money. However, as the defendant's counsel, though able to establish the facts by him alleged, may have been under the impression, from the opinion of the lower court, that it was not necessary to adduce his proof in support of his defence, we think justice requires that this case should be remanded for further proceedings.

EASTERN DIS.
*April,* 1841.

DIGGS, HOBSON
& CO.
*vs.*
PARISH ET AL.

Admissions in the answer are sufficient to dispense the plaintiff with proving his demand; and the *onus probandi* lies on the defendant to establish his defence. He who pleads payment admits the existence of the debt, and must prove payment, or the plaintiff will have judgment.

The present state of this cause makes it unnecessary to examine the questions arising from the reconventional demand set up by the defendant, who, within our recent knowledge, having already exercised successfully his recourse in damages against the sheriff, would perhaps carry his pretensions too far, if he was again to attempt to make the plaintiffs liable for a loss for which we lately rendered a judgment in his favor against the person by whose fault it was shown to have been sustained ; 17 *Louisiana Reports*, 578.

It is, therefore, ordered, adjudged and decreed that the judgment of the District Court, be annulled, avoided and reversed ; and that this cause be remanded for a new trial according to the legal principles above established ; the defendant and appellee paying costs in this court.