<div style="margin-left: 1em; float: left;">
PEACOCK<br>
*v.*<br>
CHAPMAN.
</div>

in equal instalments, bearing ten per cent. interest until final payment. It was agreed that the proces verbal of the sale should have the effect of a judgment and be recorded in the book of mortgages. The proces verbal, signed by *Sewell*, and *Chapman*, his surety, was so recorded. The sale was under the authority of the Court, directing the sale of the property of the succession of the late *Malachi Weston*.

The slaves were subsequently sold to *John P. Carney*, who assumed the payment of the purchase money, and made on account a partial payment.

The plaintiffs sued *Carney* and had judgment against him, by which the slaves were directed to be sold, so as to meet the last instalment of the price due on the 7th February, 1842. On the 7th June, 1842, the plaintiffs consented that the sale should be made on a credit of twelve months, and they were so sold, and *Carney* became the purchaser again, and gave the plaintiffs his twelve months bond.

By thus extending the term of credit on the sale of the property mortgaged to the plaintiffs, equally for the benefit of the surety as for their own, the plaintiffs could no longer give the defendant the subrogation which he had a right to exact on paying the debt. This act of the creditor released the surety. Code, 3030. *Lobdell* v. *Niphler*, 4 Louisiana, 295.

The judgment of the District Court is, therefore, affirmed, with costs.

---

## JESSE KENNEDY *v.* R. J. BEASELEY, administrator.

When a sale is made in writing, which contains no receipt for the price, nor acknowledgment of . of payment—the presumption will be that the money was not paid.

APPEAL from the District Court, Tenth District, Parish of Carrol, *Perkins*, jr., J. *Ryan*, for plaintiff. *Selby*, for defendant and appellant.

EUSTIS, C. J. This suit is for the sum of $1250, being the alleged price of two slaves sold by the plaintiff to *Samuel Canady*, the administrator of whose succession the defendant is. The judgment was in favor of the plaintiff, and the defendant has appealed.

The defendant, in his answer, admitted the purchase by the deceased, and pleaded payment. It rested, therefore, with the defendant to establish his defence by proving his allegation of payment.

The sale was by an act under private signature. It recites that the plaintiff had sold *Canady* two negroes, for the sum of twelve hundred and fifty dollars. It contains no receipt for the money, nor acknowledgment of payment. According to the uniform practice in this State, when money is paid on a contract mention of the fact is made by an express acknowledgment, or some equivalent term. *Sexnaider* v. *Fleming*, 1 Martin, N. S., 257; Code, 2234. The act contains no such recognition, and we are satisfied from evidence *aliunde*, that the money was not paid.

No other issue having been made, except that of payment, there is no ground for reversing the judgment.

The judgment of the District Court is, therefore, affirmed, with costs.