PATRICK IRWIN, Executor, v. MICHAEL GERNON.

The plea of payment requires proof of the fact from the defendant. The onus probandi lies upon him.

APPEAL from the Sixth District Court of New Orleans, *Howell. J.* *Buchanan & Gilmore*, for plaintiff. *C. Roselius* and *Thomas H. Howard*, for defendant and appellant.

JONES, J. Patrick Irwin, as testamentary executor of the last will and testament of Richard Barret, deceased, instituted this suit, for five thousand and forty-seven dollars and fifty cents, against Michael Gernon, on account of various notes which he, Barret, had placed in said Gernon's possession to collect for him, to which demand Gernon first plead a general denial, then a qualified supplemental answer, and finally, on the trial of the case, the plea of payment settlement. After a careful examination of the evidence and the pleadings, the lower Court rendered a

judgment in favor of the plaintiff against the defendant for four thousand one hundred and ninety-five dollars and twenty-five cents, with legal interest, upon the grounds particularly enumerated in an elaborate written opinion. Defendant being dissatisfied with the judgment, applied for a new trial, which the Court refused for written reasons, and thereupon the defendant appealed. The defendant having plead payment, the burden of proof was upon him to sustain this plea. We have minutely examined the testimony on behalf of defendant, and are satisfied therefrom that defendant has not sustained his plea of payment to any greater amount than that allowed in the judgment of the lower Court. But the plaintiff, in his answer to the appeal, asked the Court to increase the amount of the judgment to the full amount claimed in his petition, less the sum of four hundred and fifty dollars, paid after the institution of this suit.

We think this prayer cannot be granted, as ample justice has been done the plaintiff by the judgment appealed from.

For these reasons, the judgment of the lower Court is affirmed, with costs.