## Peter St. Armand *v.* Joseph Alexander.

A payment made by a person without interest gives him no subrogation, and he is not entitled to an action thereupon.

He who contends that he is exonerated, must prove the payment, or the fact which has produced the extinction of the obligation.

APPEAL from the Third District Court of New Orleans, *Fellowes*, J. *Whitaker, Fellows & Mills*, for plaintiff. *C. Roselius & A. Philips*, for defendant and appellant.

Ilsley, J. This is a suit viâ executivâ or the recovery of the amount of two promissory notes, subscribed by the defendant, both dated the 5th February, 1861, each note for the sum of two thousand and twenty-five dollars, with interest, at eight per cent., payable to the order of, and endorsed by, the maker, in two and three years, respectively, after their date, and identified with a notarial act of sale, by which the property described in the act was mortgaged to the vendor, "the city of New Orleans, or any *last* bearer of the said notes." All proceedings under the order of seizure and sale were arrested by an injunction, sued out by the defendant, who averred in his petition that the said notes had been paid and the debt evidenced by the notes, consequently, extinguished.

Judgment was rendered in the Court below in favor of the defendant, perpetuating the injunction, and from the said judgment the plaintiff has appealed.

There is but one fact to be ascertained, in order to determine whether there is error in the judgment of the lower Court, and that is, whether these notes, with their accessories,. were transferred or assigned by the city authorities to the plaintiff, or whether the plaintiff actually paid and discharged the obligation in any legal manner.

In the first hypothesis, no legal ground would have existed for the injunction, whilst, in the second, no legal action for the recovery of the amount of the notes would have lain, as it would not have been a payment with abrogation, the payment having been made by a person without interest.

By the exhibition by the plaintiff of the notes, the onus of proof to show they were paid, lies with the defendant, the maker of them. Article 2229, of the Louisiana Code, reads thus : "He who contends that he is exonerated, must prove the payment, or the fact which has produced the extinction of the obligation ;" and this task the defendant has undertaken ; and, in support of it, relies on the testimony of two witnesses, and certain entries in the books of the city corporation.

The first witness examined was Francis Mooney, an employee of the city. He says that he does not know whether the city discounted or sold the notes or not; but, that the city was paid in full for them. The witness refers to certain entries made in the books, viz : Bills Receivable, Joseph Alexander, 5th January, 1863, $2,025; and the same, 5th January, 1864, $2,025, paid.

He, the witness, made those entries from Mr. Giffen's report to him. Mr. Giffen was the treasurer at the time. Another entry on Interest Account stands : One year and eighty-seven days, Alexander's notes, $301 75, being interest paid on those notes up to the 23d April, 1862. This is the usual form of entries made for the payment of notes and interest. The entry would be the same if the notes were paid after maturity, no matter from whom the city received the money.

The city received the full amount, principal and interest, for the said notes on that day, and that is what I mean by being paid.

John M. Demarest, the next witness, who was the city assistant treasurer, says, "that he does not remember who received the money for these notes ; but, for the Fink and McDonough funds, it was generally Mr. Giffen who received them. That Mr. Giffen has been absent, he thinks, in Macon, Georgia, for nearly eighteen months." He says, further, that, "when the city treasurer discounted notes in consequence of the action of the finance committee, he would endorse on the notes Adam Giffen, Treasurer, without recourse ; that the endorsements on these notes are not in the way that the witness has seen him do it." etc.

The two notes sued on are both endorsed "Adam Giffen, Treasurer McDonough school fund; Treasurer Fink fund."

There is nothing in the testimony of Mooney, nor in the books, to show satisfactorily whether the city received the money paid by the plaintiff for the notes as a transfer to them, or in full satisfaction and payment of them; nor to show that any payment whatever was made "in the name and for the discharge of the defendant."

The receipt of the money by the city, no matter how or under what circumstances, would have been a payment of the notes, as Mooney seems to have apprehended that term.

The departure, in relation to the endorsement of Mr. Giffen on these notes, from the mode usually adopted by him of endorsing city paper, "without recourse," raises no presumption that these notes were not assigned or transferred to the plaintiff. Indeed, we think that, had Mr. Giffen supposed that these notes, not yet due, were paid, he would have taken the precaution to erase his official endorsements on them, in order to protect the city from eventual liability, should they pass into the hands of a bona fide holder. This presumption, we think, outweighs the other presumption to which the absence of the words "without recourse" might give rise.

The city was offering to the community generally, for sale or discount, certain promissory notes, secured by mortgage, two of which are in the possession of plaintiff, and for which he gave their full value, principal and interest, up to the time when they passed into his hands. It was an investment at the current interest at eight per cent., well secured by mortgage, and by the liability of the city, as endorser.

This is an inference from the facts adduced in this case, more rational than that the plaintiff should, as a mere negotiorum gestor, pay the debt of a stranger; and, instead of obtaining, as security for his outlay, the mortgage note of the debtor, be satisfied with his recourse against him, personally.

We cannot adopt this latter hypothesis.

It is therefore ordered, adjudged and decreed, that the judgment of the Court below be annulled, avoided and reversed, and proceeding to give such judgment as should have been rendered by the said Court:

It is further ordered, adjudged and decreed, that the injunction in this case, sued out by the defendant, Joseph Alexander, be and the same is hereby dismissed, at the costs of the defendant; and, it is further ordered, that the order of seizure and sale obtained by the plaintiff, Peter St. Armand, be proceeded with according to law; and that all the costs incurred in the Court below, and in this case, be paid by the defendant and appellant.