## No. 125.

### W. A. MARTIN vs. LIZZIE DICKSON.

The subrogee to a lessor's rights is entitled to claim, with provisional seizure, whatever rent was due at the date of the transfer.

A stipulation in a lease to pay part of the rent to a person named, does not divest the landlord of a right to the amount, where the stipulation *pour autrui* was not accepted previous to the transfer. The subrogee is entitled to claim such amount in the right of his subrogor.

The burden of proof is on him who alleges payment. The plea admits the debt.

Damages cannot be allowed to a seized tenant, where the rent claimed was due at the date of seizure.

APPEAL from the Second District Court, Parish of Bossier. *Drew, J.*

*J. D. & J. T. Watkins* and *Lowery & Vance* for Plaintiff and Appellee.

*J. H. Shepherd* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The plaintiff sues in the rights of the lessor of the defendant to recover $2,000 for rent due at the date of the transfer and suit. The claim was accompanied with a prayer for a provisional seizure, which was allowed. Under the writ, property was seized, valued at nearly the amount sued for.

The defendant filed various exceptions and answers, pleading the extinguishment of any indebtedness under the lease prior to the suit. She averred damages to the extent of $2,000, sustained in consequence of the wrongful seizure of her property and, reconvening, prayed for judgment in her favor for that sum.

From a judgment against her for $634.40, with privilege on the effects seized, the defendant prosecutes this appeal. The plaintiff has answered the appeal praying for an increase of the judgment to two thousand dollars, the amount sued for.

It appears that, on the 31st of December, 1880, in consideration of the payment of taxes due on certain property in the Parish of Caddo, and leased by Mrs. H. P. Dickson to her daughter, the defendant, on stated terms and conditions, the former transferred to the plaintiff, Martin, her interest in the lease.

The property consisted of two places, described as belonging to the Dickson estate. It had been leased, in December, 1879, for the years 1880, '81, '82, '83, and '84, at the price of $4,000, payable annually on November 1st, 1880, and every year thereafter, in the manner and to the persons following: $800 to Mrs. McDowell; $600 to L. M. Nutt; $2,000 to W. R. Barstow; $500 to Mrs. Dickson, preferred to all, and the balance for taxes, $100. The lessee was besides to pay all the taxes to become due on said property. The act of lease was signed only by the lessor, the lessee, and Mrs. McDowell. Whether Barstow declined, as stated, or not, to put his name to it, or otherwise to accept the stipulation in his favor, is not made to appear. Neither is it shown that L. M. Nutt, another beneficiary, made himself an obligee. The plaintiff claims the $2,000 stipulated in favor of Barstow, and which, in the absence of acceptation by him, were due Mrs. Dickson.

Lizzie Dickson, the lessee, was not notified of the transfer; but, on the 4th of January, 1881, under the averment that the $2,000 were due, Martin, the transferree, brought suit, seizing provisionally the effects on the premises leased.

It is then that Lizzie Dickson was formally and unequivocally notified of the transfer and substitution.

It is important to state that, on the very day of the transfer, Martin, in furtherance of the obligation which formed the consideration of the lease, namely: the 31st of December, 1880, which was the last day on which, under the constitutional clemency and immunity, the taxes could be paid without interest and charges prior to the 1st of January, 1881, paid to the sheriff of Caddo Parish $1,457.11, so that what rights were intended to be acquired by him, if any, thereupon vested in him absolutely.

In her answer the defendant had declared, without specification, that she had paid taxes to the amount of $1,195,13, but on the trial she offered a supplemental answer specifying what items she had paid to the credit of her lessor, and by her direction, previous to the transfer, aggregating $2,279, and she endeavored to prove the verity of her averments. The plea of payment admitted that the debt once existed, and threw on the defendant proof of its extinction in that mode. In the absence of such evidence the plaintiff would have been entitled to recover.

She was heard to establish the same, but appears to have failed to do so throughout. The taxes which she has paid were not satisfied at the date which the receipts bear, December 30th, 1880, but long after, namely: in September, 1881. This fact was shown by entries in the books of the sheriff and tax collector. Neither was the Fort judgment or claim, which, if it had any existence and was satisfied, shown to have been likewise paid subsequent to the date of the transfer of the lease, by Mrs. Dickson to Martin, the plaintiff.

The evidence may be deemed also deficient in several other respects, which it is not necessary to specify.

The District Judge, however, considered a number of items as established, and after deducting therefrom the $2,000 claimed, rendered judgment for the difference, $634.40.

A review of the evidence does not enable us to say that he erred in his conclusions.

As to the reconventional demand, it suffices to say that, as the plaintiff recovers rent which was due at the date of the suit, the writ did not wrongfully issue. The demand for damages must, therefore, fail.

Judgment affirmed with costs.