7878

Bruno Mitchell—          No. 7 8 7 8 —

—vs—                     Court of Appeal.

Dr. James R. Spears—     Parish of Orleans.

-----------

--------

Dinkelspiel, J.

------

7878

Dinkelspiel– J.

Plaintiff instituted this suit, claiming that on
the 13th. day of May, 1911, he entered into a writ-
ten contract of lease with defendant, whereby he
leased to him four lots of ground, in the Parish of
St. James, for a term of five years, begining on the
19th. of December, 1911, with the prevelege of re-
newal for five years more, at a rental of $1.75.
per month for each lot or $7.00. per month for all.
That the rent due by defendant for the month ending
October, 19th. 1916 was not paid by defendant and
has never been paid, and no rent has been paid from
that time to the present time.
That there is now due plaintiff the sum of $196.00.
being the rent from September, 19th. 1916 to January
19th. 1919.
That defendant continued in the actual occupancy of
the property during the entire five years of said
lease; remained in possession and occupancy after
the termination of said five years, thus renewing
said lease for a like term and has remained in
possession and occupancy ever since.
That defendant had erected buildings on said four
lots of ground which are still upon them, and that
plaintiff has a lessors lein and privelege upon
said buildings to secure the payment of said rent
due him.
That plaintiff has good reasons to beleive that
defendant will remove said buildings from said
land and thus deprive plaintiff of his lein there
on.
Upon making the necessary affidavit, he prayed that
a writ of provisional seizure issue, seizing the
property herein described for the amount claimed,
with recognition and maintainance of his lessors

157

lein and privelege upon the property and effects
provisionally seized, and for judgment recognizing
said claim.
The writ as prayed for issued and the property in
question was seized. Subsequently defendant caused
the property to be released upon executing bond
accordingt to law..

On the 17th. of February, 1919, defendant filed
his answer, and whilst admitting articles 1, 2, 3 and
4 of plaintiffs petition he denied articles 5 and 6,
and assuming the position of plaintiff in reconven-
tion, claimed that plaintiff in suit was indebted to
him in the full sum of $1.000.; that because plain-
tiff has caused to issue against him the writ of
provisional seizure, and that thereunder did seize,
and cause to be seized, the buildings and property
and effects situated on said four lots of ground,
leased by him to defendant in suit, plaintiff in
reconvention.
Alleging further, that said issuance of said writ
of provisional seizure was maliciously and wrong-
fully obtained, and that the facts alleged in the
petition in articles 3, 5 and 6, which are denied
in the foregoinf answer are false and untrue and
that the affidavit is also false and untrue.
Wherefore, by reason of the malicious and wrongful
provisional seizure and of the seizure made there-
under, and by the unlawful, malicious and wonton
and unwareented proceedings and interference with
the business of defendant in suit, and plaintiff in
reconvention, he has suffered a loss and damage
amounting to the sum of $1.000. , as follows;-
Attorneys fees, the sum of $150.00. - Expenses

incurred in furnishing a forthcoming bond $25.00.
Damage done to defendant in suit and plaintiff in
reconvention by reason of loss of time$ 50.00.
and finally, damage done to defendant in suit and
plaintiff in reconvention, by reason of injury to
his feelings the sum of $775.00. And prayed for
dismissal of plaintiff's suit and judgment for
$1.000.00.

Subsequently on the 24th. March, 1919, through
his Counsel, plaintiff in reconvention and defendant
in suit, with leave of Court first had and obtained,
filed a supplemental answer and petition in recon-
vention in which he alleged, that on 19th. September,
1916, he defendant, entered into a written contract
by which he advanced certain amounts to plaintiff,
and was authorized to pay a creditor of plaintiff
certain amounts totaling the sum of $191.09, and it
was agreed and understood that these sums thus
advanced, together with interest thereon at the rate
of 8% per annum, from September, 19th. 1916, would
be applied to the payment of rent at the rate of $7.00.
per month, and finally, defendant plaintiff in re-
convention, pleads payment and prays for judgment
dismissing the suit and for all general relief.

The testimony, in this case, was taken in the
Clerks Office of the Court, not in the presence of
the Judge. Amongst the witnesses there was ~~defen-~~ *plaintiff's*
~~dant's~~ wife introduced in his behalf, and after
showing her various receipts and stubs, the ques-
ion was asked her;-
"Q- I show you a stub of a receipt, Marked P 1 ?
@A- This is Dr. Spears writing. Dr. Spears wrote
" that stub and wrote out the receipt and after
" writing the receipt I signed it.

159

"Q- What is the amount?

"A- The amount on the stub shows $182.00., and the
"receipt was for the same amount, and that amount
"was paid me. Dr. Spears had paid nothing on the lease
"lease since that date. " -She says that she was
the wife of plaintiff..

The next witness was the plaintiff himself, and
in answer to the question, when the receipt in
question, shown him, was signed; he says, in May
1916. And in answer to the question;-
"Q- Did he pay you any money"? He said;-
"A- Dr. Spears did not pay me any money except that
"settlement, I believe, it was about one hundred and
"some odd dollars. I don't know how to read or write."

The next witness produced was Lew D. Prescott. He
was interrogated as follows:-
"Q- Did you ever have any business with Bruno Mitch-
"-ell and his wife Josephine Mitchell, for which Dr.
"Spears paid you for their account? -A- Yes, Sir."

At this point objection was made, that the evidence
introduced or attempted to be introduced was illegal,
on the ground, that it is an attempt to prove that
the allegations of the supplemental answer changes
the issue of the original answer, and to the filing
of which plaintiff has always objected. And, on the
further ground that, the allegations of the supple-
mental answer are too vague and indefinate to
admit of proof, not putting plaintiff upon his guard
as to whom the alleged contract was entered into in
favor of. - The Court overrruled the objections.
It was then agreed that objections of the same kind
should apply to all evidence of the same character
without the necessity of repetition.

The defendant, Dr. Spears, testified;-

160

" Q- When was the last settlement you had with Bruno
Mitchell? -A- I think the last settlement we made
was in 1915 or 1914. It was for an amount over one
hundred dollars which is on the receipt which I
gave him, which was in payment of professional
services. In 1916, with a written agreement for some
money I paid to Mr. Prescott amounting to $97.28.
for things, and some other money which they had
borrowed from me at different times".

He also testified, that Bruno Mitchell was present
in all these transactions.

Next came various receipts and documents claimed
to be due Dr. Spears by Mitchell, itemized, and
particularly one, which was claimed to be a settle-
ment in full between the parties, and signed by
plaintiff's wife, Josephine Mitchell; the handwrit-
ing of the document being that of Dr. Spears. On
this evidence, pro and con, the case was submitted
to the Court for adjudication.

The reasons assigned by the Judge a quo are found
in the record. He maintains the plea of payment,
dismisses plaintiff's suit, but without any damages,
at plaintiff's cost.

The plea of payment necessarily commands the party
making it to prove without a reasonable doubt that
payment was made in manner setforth. and it requires
under the code and under the decisions, that that
plea in order to be effective must be itemized, and
when itemized proved and there must be no doubt about
it, otherwise it will not hold. It has been held;-

* The plea of payment, novation, or compensation
admit the existance of the debt whose continuouse
will be presumed; and plaintiff will have judgment
unless defendant makes good his plea". 3 N. S. 273.

161

12. La. 397. 14 La. 372. 18 La. 6. 14 Ann. 54.

In the case of Terry vs. Heisen, et. als. 115 La.
1071-78.- "Where the docterine announced has been
maintained and numerous authorities  in that case
quoted to the effect as herein above stated by us.

In Segur -vs- Burguires, Executors,- 111 La. 1086,
the Court goes on to say;  " In any event, the law
requires something more cogent to prove the payment
of money than the mere probability, and as we find
something less than that in this record, we con-
clude that the payment set up by the defendant has
not been established".

On both sides of this controversy numerous authori-
ties have been submitted which we have carefully exam-
ined. Whilst some of them are in point others are
not and have no application whatsoever.  We think
that we have demonstrated, from our own view point,
the authorities applicable, and which in our opinion
control.

It is very singular that the defendant in suit and
plaintiff in reconvention, when first filing his ans-
wer, claiming damages of all kinds and character,
actual and punative, had not thought of alleging the
fact of payment one way or the other, and we serious-
ly doubt, whether under the allegations of the answer
proof should have been admitted at all, but we have
considered it nevertheless and have determined the
whole case, not only upon the law but upon the evidence,
and we find, that in our opinion there has been no
payment of whatever kind or character made, except
those prior and which have no bearing whatsoever
on the payments claimed to have been made and set-
tlement had from 1916 until this suit was tried.

162

For the reasons herein assigned, it is ordered, adjudged and decreed that the judgment of the lower Court be annulled, reversed and set aside, and, that there be judgment in favor of plaintiff, Bruno Mitchell and against defendant, Dr. James R. Spears, in the full sum of $196.00., with legal interest from judicial demand, with costs of both Courts and with lessors lein on the property provisionally seized.

-Judgment Reversed-