.No. 2530

Second Circuit

JOHNSON v. JONES, JR.

(November 6, 1926. Opinion and Decree.)
(December 11, 1926. Rehearing Refused.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Payment—Par. 19.**
The plea of payment admits the existence of debt sued for and throws upon the party making it the burden of proving payment.

Smith vs. Turner, 3 La. App. 90.

Appeal from the Tenth Judicial District Court of Louisiana, Parish of Natchitoches. Hon. John F. Stephens, Judge.

Action by L. H. Johnson against J. W. Jones, Jr.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Rusca & Cunningham, of Natchitoches, attorneys for plaintiff, appellee.

J. W. Jones, Jr., of Natchitoches, attorney for defendant, appellant.

STATEMENT OF THE CASE

REYNOLDS, J. Plaintiff sued defendant for $128.74, alleged to be a balance due upon an open account. Defendant pleaded payment.

On these issues the case was tried and judgment was rendered in favor of the plaintiff for the amount sued for, less a credit of $15.00, and defendant appealed.

OPINION

Defendant pleaded payment. He testified (Evidence page 7):

"I have paid every nickel that there is on there; I have overpaid what is on there, and Johnson owes me."

The correctness of the account sued on being admitted, the only question that remains in the case is the correctness, vel non, of the credit claimed by defendant.

The only credits claimed by defendant that do not appear to have been allowed by the plaintiff are one for $15.00, one for

$45.00, one for $35.00, one for $5.00 and one for $4.00.

The one for $15.00 was allowed by the trial judge and is not now in dispute, but the four other credits claimed by defendant were disallowed by the trial court.

Under the well-established rule of evidence that the plea of payment admits the existence of the debt and throws upon the party making the plea the burden of proving payment, the burden was upon defendant to prove that he was entitled to the credits claimed by him.

Defendant offered in evidence four checks drawn by him on a bank, for $45.00, $35.00, $5.00 and $4.00, respectively, but the plaintiff swore positively that these checks were not received by him as payments on the account.

The mere fact that a debtor gives his creditor a check for some amount does not itself prove that he gave it in payment of any portion of any particular account and does not discharge the burden of making proof of payment resting on the debtor.

The defendant having alleged payment and having failed to prove by a preponderance of the evidence the payment claimed, the District Court was right in rendering judgment in favor of the plaintiff.

It would serve no useful purpose to discuss the probative value of the two checks for $45.00 and $35.00 respectively, because though offered they were never actually filed in evidence and are not to be found in the record and we cannot consider evidence not contained in the record. The oral evidence in the record regarding these checks did not convince the trial judge that they represented payments made on the account sued on and neither does it convince us. On the contrary, the evidence

in the record convinces us that none of the four checks mentioned was given to plaintiff as payment on defendant's account.

As the evidence establishes and defendant's plea of payment admits the correctness of the account sued on and as defendant failed to prove by a preponderance of the evidence that he was entitled to the credits claimed and not allowed, the judgment appealed from must be affirmed.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed with costs.