No. 3072

Second Circuit

## HITT v. HERNDON

(November 10, 1927.   Opinion and Decree.)

*(Syllabus by the Court)*

1. **Louisiana Digest—Payment—Par. 19.**
The plea of payment admits the existence of the debt sued on and casts upon the defendant the burden of establishing his plea.
        Johnson vs. Jones, 5 La. App. 220.

2. **Louisiana Digest—Appeal—Par. 625.**
Where only issues of fact are involved the judgment of the trial court will not be disturbed unless manifestly erroneous.
        Colt vs. Willhite, 5 La. App. 151.

Appeal from the City Court of the City of Shreveport, Louisiana.   Hon. David B. Samuel, Judge.

Action by Walter Hitt against James R. Herndon.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

J. G. Gibbs, of Shreveport, attorney for plaintiff, appellee.

Cook & Cook, of Shreveport, attorneys for defendant, appellant.

REYNOLDS, J.   This is a suit on a promissory note.   The defense was payment.   On this issue the case was tried and there was judgment for plaintiff and defendant appealed.

OPINION

Only a question of fact is presented for our determination, namely: was the note paid?

The only witnesses who testified in the case were plaintiff and defendant.

Defendant swore positively that he had paid it, and by way of corroboration of his testimony produced and filed in evidence two checks drawn by him on the City Savings Bank & Trust Company in favor of the plaintiff for the sum of $50.00, dated April 20, 1923, and the other for the sum of $60.00, dated February 26, 1924, and both of which were paid by the bank.

Plaintiff also swore positively that the note was not paid and that the checks were given in payment of other debts. He is corroborated by possession of the note itself, which he filed with his petition as the basis of his suit, and which shows no credits endorsed on it.

Defendant's testimony is diametrically opposite to that of the plaintiff and is set off by that of plaintiff. The burden was on him to establish his defense.

We have carefully read the record and are unable to say that the judgment of the trial court is manifestly erroneous.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be affirmed.