BROWN v. KING

(January 16, 1928.  Opinion and Decree.)
(February 13, 1928.  Rehearing Refused.)

(*Syllabus by the Court*)

1. **Louisiana Digest — Pleading — Par. 43, 110.**

Admissions in the answer are sufficient to dispense the plaintiff with proving his demand.

2. **Louisiana Digest — Payment — Par. 19, 21; Evidence—Par. 58, 59.**

He who pleads payment admits the debt; and the burden is upon him to establish his defense.

3. **Louisiana Digest—Witnesses, Par. 148.**

It is well settled that the testimony of a female witness cannot be impeached by an attack upon her chastity.

Appeal from Civil District Court.  Hon. Hugh C. Cage, Judge.

Action by Ruth H. Brown against Fred C. King, appellant.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

C. L. Johnson, of New Orleans, attorney for plaintiff, appellee.

Paul L. Fourchy, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J.  Plaintiff claims of defendant $560.

She alleged:

1st.  That on January 23rd, 1922, she loaned the defendant certain rings to permit him to pledge them to raise money for his own benefit; that he pledged them to the Hart Loan Office; that on April 28th, 1922, she advanced the defendant $105 to redeem said rings;

2nd.  That on May 31st, 1922, she again loaned the defendant certain rings to enable the defendant to pledge the same to the Hart Loan Office for the purpose of raising money for his own benefit; that on July 12th, 1922, she paid the said loan office $110 to redeem said rings;

3rd.  That on August 18th, 1922, she, for the third time, loaned the defendant certain rings to enable him to pledge the same loan for his own benefit to the same loan office; that on September 11th, 1924, she paid the said loan office $170 to redeem said rings;

4th.  That on August 30th, 1922, she, for the fourth time, loaned the defendant certain rings to pledge the same to the same loan office for his own benefit; that on September 3rd, 1924, she paid the same loan office $175 to redeem said rings; making a total amount so paid by her for the benefit of the defendant of $560, for which she prays judgment with interest from judicial demand.

The defendant pleaded a general denial and answered that he gave the plaintiff certain jewelry at various times, and that she asked him to pledge the same for a loan for her account; that he pledged said jewelry and obtained thereon an amount of money which he turned over to the plaintiff; that at no time did he receive any benefit from the money obtained from said pledges and loans; that he paid the interest on said loans, and that he has advanced at various times certain amounts of money to pay the gas and telephone bills, and the rent of the plaintiff, and

also loaned the plaintiff sums of money since the filing of judicial proceedings.

He prayed that plaintiff's suit be dismissed reserving to him the right to proceed against her for money loaned to her.

There was judgment in favor of plaintiff as prayed for, and defendant has appealed.

The plaintiff testified in part that the defendant asked her for those rings in order to raise money on them for himself; that he pledged them to the Hart Jewelry Company, but that she did not get a cent of the money obtained by the pledge of them; that when the pledge notes became due she paid them to redeem her jewerly; she was employed at the Foundation Company at a salary of $130 per month.

The defendant testified that the plaintiff entrusted him with certain diamond rings to borrow money on them for her account; he pawned the rings and turned over the money he obtained on them to the plaintiff, and he paid the interest on the loan; he had given her the jewelry; he did not redeem the pledges because he "did not feel that he should have gotten it out as she had gotten the benefit of it"; since they had a falling out she threatened to sue him on the note", and said she would get the jewelry out and make him pay the whole thing; the plaintiff knew where Hart's Jewelry Co. was; she knew the place; after he obtained the money from the loan he turned it over to her the same day with which she went out and bought a lot of clothes; they used to meet every night.

In presence of the flat contradiction of the plaintiff by the defendant, we cannot do better than to adopt the reasons of the learned district judge as the law of the case. He said in part:

"Now the answer is that the truth is that the defendant took the plaintiff's jewelry to Hart's pawn shop and did pledge it and in the sums recited by the plaintiff; but he says that, in doing so, he was acting simply as her agent, and that the moneys derived from the various pledges were by him turned over to his principal. We have then the spectacle presented, at the very best, of the agent's admission of receiving moneys for his principal, and the claim on the part of the agent that he settled in full with his principal by turning over to his principal all the money he received for her account. Again that presents a case actively of a plea of payment, and what the Common Law state lawyers would call 'a plea of confession and avoidance,' and when such a plea is made the rule is universal that a 'plea of confession and avoidance' carries with it the burden of proof. It is plain, the agent in making these loans at the pawn shop, the money he received from the pawnbroker was not his money, but the money of his principal, and he, in his fiduciary capacity, is required to make full and complete settlement. We have, therefore, the spectacle of the defendant swearing he paid the money over to his principal. Supported with nothing but his uncorroborated word of its truth. On the other hand, we have the absolute denial of the plaintiff that the money was so paid to her and as, in the case which I have just decided, the defendant carries the burden and he must, by a preponderance of evidence, make his case certain to the satisfaction of the court.

"But where there is an assertion on one side, a denial on the other, and no corroboration of either, the situation is the same as in a parliamentary body where a motion is made for an affirmative action and results in a tie; under all parliamentary law the motion is lost by failing to get a majority. Likewise, in matters of evidence. Where there is a complete tie, like in this case, and no corroboration on either side in which the court can resort to for assistance in bearing down one of the balances of the scale against the other, the one who carries the burden is lost. As to the moral standing of the two parties, they seem to be equally guilty so far as sexual morality is concerned, and as to their financial responsibility, I have no evidence, but they seem to be on an equal footing."

The above reasons are convincing.

The law is that:

"He who pleads payment admits the existence of the debt, and must prove payment, or the plaintiff will have judgment. Admissions in the answer are sufficient to dispense the plaintiff with proving his demand, and the onus probandi lies on the defendant to establish his defense." 5 La. Dig. Vo. Payment, p. 890, S. 21.

In the case of State vs. Hobgood, 46 La. Ann. 855, 15 So. 406, the court said:

"It is inadmissible, in order to attack veracity, to prove the character of a female witness for chastity, or to show that she is a prostitute."

And in State vs. Romero, 117 La. 1003, 42 So. 482, the court said:

"It is well settled that a female witness cannot be impeached by an attack upon her chastity."

It is therefore ordered that the judgment be affirmed.