ALLEN v. GENTRY

———

(May 21, 1923.   Opinion and Decree.)

———

(*Syllabus by the Court*)

1. **Louisiana   Digest—Payment—Par.   21
   Evidence—Par. 58, 59.**
He who pleads payment must prove it or
   plaintiff will have judgment.

Appeal from Division "C," Civil District
Court.  Hon. E. K. Skinner, Judge.

Action by Dr. Kotz Allen against Benja-
min M. Gentry.

There was judgment for defendant and
plaintiff appealed.

Judgment affirmed.

James Brittingham, Jr., of New Orleans,
attorney for plaintiff, appellee.

S. G. Wimberly, of New Orleans, attorney
for defendant, appellant.

JONES, J.   Plaintiff claims rent for
March, April, May, June, July, August, Sep-
tember and October—eight months—at fifty
($50.00) dollars per month.   Total, four
hundred ($400.00) dollars.

Defendant admits owing fifty ($50.00)
dollars for October and pleads payment of
the balance.

The District Judge gave judgment for
three hundred ($300.00) dollars, and de-
fendant appealed.

Plaintiff-appellee has answered the appeal
asking for the amount claimed.

"He who pleads payment admits the ex-
istence of the debt, and must prove pay-
ment, or the plaintiff will have judgment."

Diggs vs. Parish, 18 La. 6.
Kennedy vs. Beaseley, 8 La. Ann. 88.
Irwin vs. Gernon, 18 La. Ann. 228.
St. Armand vs. Alexander, 18 La. Ann.
243.
Gernon vs. McCan, 23 La. Ann. 84.
Mantin vs. Dickson, 35 La. Ann. 1036.
Taggart vs. Noonan, 8 Orl. App. 150.
Precter vs. Jannorelli, 10 Orl. App. 179.
Succ. of Simon, 10 Orl. App. 70.
Mose vs. Traverse, 11 Orl. App. 342.

Defendant having the burden of proof as
to payment, a finding against payment is
justified—where the defendant alone testi-
fies thereto and is contradicted by a credi-
table witness.

Loyd Mercantile Co. vs. Long, 123 La.
777, 49 So. 521.

The only witness who swore to payment
for any particular months was Benjamin
M. Gentry, the former tenant, who did not
produce his records, though he promised to
do so.   Furthermore, he could give no par-
ticular dates, and testified from memory
entirely.

He was contradicted by plaintiff, who
testified from record entries, made by his
own hand, which apparently showed de-
fendant was six months behind in the rent,
but these records, though offered in evi-
dence, are not in the record.

The only other witness is Miss Hazel
Malone, stenographer for plaintiff, who tes-
tified defendant made two payments be-
tween June and November, but didn't know
what months they covered.

We agree with the trial judge in thinking
that the proof does not suffice to sustain
a judgment for two additional months.