J. T. MANN & CO., INC. v. BARRETT

(November 13, 1928. Opinion and Decree.)

Chas. E. de la Vergne, of New Orleans, attorney for plaintiff and appellee.

W. J. Kearney & H. P. Sneed, of New Orleans, attorneys for defendant and appellant.

JANVIER, Judge ad hoc. J. H. Mann & Company, Inc., are engaged in business in New Orleans in installing rubber tiles and in selling other rubber goods in connection with the building and repairing of houses.

Defendant, Miss Sara B. Barrett, was engaged in business in New Orleans in the selling of rubber tiles on a commission basis. The plaintiff and the defendant conceived the idea that they could operate together to the mutual advantage of both, the defendant to assist the plaintiff in securing contracts, under which the plaintiff would install rubber tiles furnished by the defendant. Apparently the business of the defendant was not entirely successful and she found it necessary to borrow certain sums from the plaintiff company. Just what she used these sums of money for, seems to us of no importance, as it was unquestionably understood ·that they were to be repaid, either in cash or out of the profits she was to make on contracts, or, as she contends, out of the profits the Mann Company were to make. She contends, in other words, that it was understood that, if she produced sufficient business out of gratitude to her, the Mann Company would absorb the loans and she would never be called on to make payment.

This defense plainly places the burden upon her to prove that the Mann Company did make sufficient profits out of the business produced by her, to absorb these advances.

We are not convinced that such was the contract. However, if it was not so agreed,

her defense would fail and if it was so agreed, her defense would likewise fail, as we do not believe that she has successfully shown that, even under her view of the matter, the profits made by Mann & Company from her business were sufficient to absorb the amounts advanced.

It appears to us, however, that there is some error in the calculation of the amount due. We notice that the total amount claimed is $220.32, less a credit, represented by a note of $75.00, which makes a balance of $145.32, to which is added interest of $14.05, making a total of $159.37. We believe the correct way to fix the amount due is to eliminate entirely the item of $75.00 on November 16, 1925, as it to all intent and purpose has been eliminated by the credit of $75.00 on November 17, 1925, and to allow interest on each of the remaining loans from the date on which it was made.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended and that there now be judgment in favor of plaintiff in the sum of $145.32 with legal interest as follows: On $25.00 from September 14, 1925, on $15.00 from December 24, 1925; on $76.32 from February 13, 1926; on $10.00 from March 31, 1926; on $9.00 from April 30, 1926, and on $10.00 from June 15, 1926. These interest calculations may or may not show the amount of interest to be due as $14.05, but we think that if it is not that amount, it will be so near to it, that it would be unfair to throw the cost of the appeal on the appellee under such circumstances. The cost of appeal shall, therefore, be borne by the appellant.