N. CHISESI & CO., INC., v. RISPOLI

(January 5, 1931. Opinion and Decree.)
(January 19, 1931. Rehearing Refused.)

Frymire & Ramos, of New Orleans, attorneys for plaintiff, appellee.

Sidney G. Roos, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. Plaintiff sues defendant as the holder and owner for value of a certain promissory note dated January 25, 1928, alleging that there is a balance due of $170.53, with legal interest from January 5, 1929, until paid, and 20 per cent of the total amount for attorneys' fees for collection.

Defendant answered, setting up three defenses: (1) Denying that plaintiff was the holder and owner of the said note; (2) specially pleading payment; (3) specially pleading imputation of payments aggregating $1,400 against an open account and the said note, and that, as the note was the more burdensome and the debtor was most interested in discharging it, the payments should have been first imputed to the pay-

ment of the note instead of the open account.

There was judgment in favor of the plaintiff as prayed for, and the defendant has appealed. We shall dispose of the above defenses seriatim.

While the defendant, in his answer, denied that the plaintiff was the holder and owner of the note for value, in his testimony he admitted that plaintiff was the owner of the note, so this issue is out of the case.

When specially pleading payment, the burden of proving that the debt has been paid is upon the defendant. See Times-Picayune Publishing Co. v. Jacobs, 13 La. App. 1, 126 So. 741, article 2232, Rev. Civ. Code. The defendant, in his testimony, was unable to point out any one of the nineteen checks that he produced which could be identified as a payment on account of the note. He admits that he had an open account with the plaintiff, and it appears that the $1,400 checks were in liquidation and settlement of the open account. The plaintiff's witnesses contradicted the defendant in testifying that eighteen of the checks were in payment of the open account, and that one of the checks was credited on the note and duly entered on the reverse side thereof. We conclude that the defendant has failed to establish by a preponderance of the evidence the special plea of payment.

We next pass to the third defense. On this issue we find that the defendant was purchasing merchandise from the plaintiff on an open account which was settled weekly. The note, dated January 25, 1928, was payable in installments of $5 per week, and being originally for the sum of $260, could not become entirely due until January, 1929. The checks given by the defendant to the plaintiff, the amounts of which he seeks to have imputed to the extinguishment of the note sued upon, covered a period from January 10, 1928, to December 4, 1928. The note would not completely mature until January, 1929. It was therefore apparent that the debts were not due at the same time, hence article 2166 of the Revised Civil Code would not be applicable, as the debts were not equally due.

Another insuperable barrier to defendant's contention of imputation of payment is that it appears that each week he was required to settle the open account for merchandise purchased, and given a receipt showing that the payment by the check in question was imputed to the open account, and that he never once objected to this being done.

It further appears from the record, in the testimony of two witnesses for the plaintiff, that the defendant admitted the existence of the note, and agreed to pay the balance in weekly installments of $5 and $10, and that, although the plaintiff signified his willingness to have the note thus liquidated, the defendant failed to carry out his agreement. We are of the opinion that the special plea of imputation of payments is not well founded.

For the reasons assigned, the judgment appealed from is affirmed.