TUNG v. CASSAGNE

(November 3, 1931. Opinion and Decree.)
(November 16, 1931. Rehearing Refused.)

Arthur B. Leopold, of New Orleans, attorney for plaintiff, appellant.

John B. Fisher, of New Orleans, attorney for defendant, appellee.

HIGGINS, J. Plaintiff seeks to recover the sum of $134.74, the alleged balance due for laundry service performed by defendant during the first week of July, 1929. The defense is payment. There was judgment in favor of plaintiff in the sum of $.35, and he has appealed.

The law is clear that he who pleads payment admits the existence of the debt and must prove payment. 5 Louisiana Digest, Payment, page 890, sec. 21; Smith v. Turner, 3 La. App. 91; Hitt v. Herndon, 7 La. App. 87; Brown v. King, 7 La. App. 546; Johnson v. Jones, 5 La. App. 220.

The record shows that plaintiff was engaged in the laundry business under the name of "Oriental Laundry." The defendant conducted a linen supply business under the name of "Royal Linen Supply." Defendant collected linens that needed laundering from his customers, and had the work done by plaintiff. It appears that

the account was settled between these parties weekly. This relation existed for some time, and on or about September 14, 1929, defendant discontinued patronizing plaintiff. On August 19, 1929, plaintiff rendered defendant an itemized statement for the week of August 12th-17th, showing an indebtedness of $138.86. On August 26, plaintiff rendered a statement to defendant for services for the week of August 17th-24th, in the sum of $141.36. On this statement appeared a balance of $138.86 for August. On August 31st, another statement was rendered for the week of August 24th-29th, for $3.61. On September 14, 1929, a statement was rendered showing a balance of $138.74 and $146.66 for the week of September 7th and $117.17 for services performed during the week of September 9th-14th. The first three statements were stamped paid on September 11, 1929, and the last statement marked paid October 16, 1929. Defendant's canceled checks covering these items were offered in evidence, and showed that they were deposited by plaintiff.

Plaintiff testified that some time after defendant had discontinued doing business with him, his auditor went over his books and discovered that an error had been made in not billing defendant for services rendered from July 1, through July 6, 1929, amounting to $134.73; that he and the bookkeeper took the matter up with defendant, who stated that he would check his records with reference to the bill, and that defendant thereafter refused to pay him. Plaintiff admitted, however, on cross-examination that he did not keep the books, and that the information which he testified about was given him by the auditor and bookkeeper. Neither of these parties were produced to corroborate plaintiff's statements.

Defendant testified that he checked his records, and they showed that he did not owe plaintiff the alleged balance due for services performed during the first week of July.

We think it is significant that in none of the statements of August 19, 26, 31, September 14 and October 15, did plaintiff make demand for payment of the bill in question. Further, on September 17, 1929, plaintiff wrote defendant a letter inclosing the statement of September 14, 1929, and nothing was said about the bill in question. Plaintiff again wrote defendant on October 26, regretting the loss of his patronage, and quoting him more favorable prices, and in this letter nothing was said about the amount sued for.

It is our opinion that the preponderance of the evidence is with the defendant on the question of payment, because plaintiff did not testify from his own knowledge but from information furnished him by his bookkeeper and auditor, while defendant testified from his own knowledge that all bills were paid, and he is corroborated by the statements sent to him by plaintiff from time to time and two letters, in none of which the amount in controversy was mentioned. Plaintiff explains that this omission was an oversight on the part of his bookkeeper, but neither the bookkeeper nor the auditor were produced as witnesses, to verify his version of the matter.

Since the defendant neither appealed nor answered the appeal, the correctness of the judgment against him for $.35 cannot be questioned by him.

For the reasons assigned, the judgment of the lower court is affirmed.