## FOECKLER et ux. v. BALLARON.
### No. 14534.

Court of Appeal of Louisiana. Orleans.

Nov. 27, 1933.

Jos. F. Blasi, Jr., of New Orleans, for appellants.

J. S. Gautreaux, of New Orleans, for appellee.

HIGGINS, Judge.

The plaintiffs, husband and wife, claim from the defendant, daughter and sole heir of the deceased, Andrews Ballaron, the sum of $300 for board, lodging, nursing, and laundry, which indebtedness is alleged to have been incurred by the deceased over a period of four months and four days prior to his death.

Defendant answered admitting that her father had lived in the household of plaintiffs during the period of time in question and pleaded payment, and, in the alternative, that the amount demanded was excessive.

The judge a quo rendered judgment in favor of plaintiffs allowing $25 for one month's board and lodging, $5 for one month's laundry service, $12 for nursing deceased, and $6 for medicines purchased, or a total of $48. From this judgment plaintiffs have appealed, and the defendant has not answered the appeal.

The record shows that the deceased was a man about seventy years of age and had been ill for several years, gradually growing worse; that he lived alone, but upon the recommendation of his doctor and a friend went to live with his godchild, Mrs. Foeckler, one of the plaintiffs herein; that after living in her home for four months and four days he died and his daughter, the defendant, was recognized as his sole and only heir in proper proceedings in the civil district court.

The law is clear that a plea of payment admits the existence of a debt and places upon the defendant the burden of proving by a preponderance of the evidence the alleged payment. Diggs v. Parish, 18 La. 6; Kennedy v. Beaseley, 8 La. Ann. 88; Irwin v. Gernon, 18 La. Ann. 228; St. Armand v. Alexander, 18 La. Ann. 243; Gernon v. McCan, 23 La. Ann. 84; Martin v. Dickson, 35 La. Ann. 1036; Taggart v. Noonan, 8 Orl. App. 159; Prechter v. Jannarrelli, 10 Orl. App. 179; Moses v. Traverse, 11 Orl. App. 342; Tung v. Cassagne, 18 La. App. 361, 137 So. 342; J. T. Mann & Co. v. Barrett, 9 La. App. 401, 120 So. 501; N. Chisesi & Co. v. Rispoli, 15 La. App. 490, 131 So. 693; R. C. C. art. 2232.

The only evidence that the defendant offered in support of the plea of payment was her statement to the effect that her father told her before he died that he was paying

his way, and that her father received a pension as a retired fireman, and also received revenue from property that he owned.

The plaintiffs both denied that they ever received any remuneration for their claims or that the deceased purchased any groceries that were used in the household.

Plaintiffs produced two witnesses, who testified that they were friends of the deceased and that he used some of the money he received from his pension of about $50 per month to pay taxes and installments due the homestead, and that he deposited some of the money in the bank.

In the Succession of Simon, 11 Orl. App. 70, an opponent contested the account of the executrix as having failed to include her claim for services rendered, supplies furnished, and expenditures made for the account of the deceased over a period of four months and three days. The defense was a plea of payment. The court said:

"In fact the true defense of the executrix appears to be that opponent was paid in full for her services and expenditures during the lifetime of decedent. The only evidence to sustain this defense, however, consists of certain declarations of decedent prior to her death to the effect that she owed opponent nothing and had paid to the latter some small sums from time to time. In view of the fact opponent, as a witness, positively denies that she had been paid, this evidence is wholly insufficient to sustain the burden resting upon the executrix of establishing the defense of payment."

See, also, Allen v. Gentry, 8 La. App. 293; Sigur v. Burguieres' Ex'rs, 111 La. 1086, 36 So. 134; Terry v. Heisen, 115 La. 1071, 40 So. 461; Smith v. Turner, 3 La. App. 91; Johnson v. Jones, 5 La. App. 220.

The plaintiffs admit that the deceased gave Mr. Foeckler a watch and chain which was valued at $3, and which was exhibited to the trial judge, and that Mrs. Foeckler had been named as beneficiary by the deceased of a life insurance policy in the sum of $115, which she collected. Their testimony is to the effect that the above were gifts and not given as remuneration or compensation for the items claimed in this suit. There is no evidence contradicting these statements.

Article 1641 of the Revised Civil Code reads as follows:

"A legacy made to a creditor shall not be deemed to be in compensation of the debt, nor a legacy made to a servant in compensation of his wages."

In construing this article, the Supreme Court, in the Succession of Palmer, 137 La. 190, 68 So. 405, held:

"Under article 1641, Rev. Civ. Code, declaring that a legacy to a servant shall not be deemed to be in compensation of his wages, a legacy of $100 to opponent [testator's sister], to whom wages for nursing and attendance, amounting to $1,500 or more, were due, for which adequate compensation was to be made by will, which was not done, was not made in payment of wages, but as a gift." (Syllabus.)

See, also, Succession of Jackson, 47 La. Ann. 1089, 17 So. 598.

We conclude that the evidence does not establish the plea of payment.

■ The last question presented is the reasonableness of the charges. The plaintiffs admit that there was no definite agreement as to how much the deceased was to pay; the suit being on a quantum meruit basis. The evidence shows that he was occupying a front room by himself, which was well ventilated, clean, and comfortable. He was given substantial and wholesome food as well as certain fruit juices, etc., that the doctor ordered for him. We believe that the sum of $40 per month for board and lodging would be fair and reasonable under the circumstances.

The expenditure for medicine during the last illness was adequately proven and allowed by the trial court, and this item, to wit, $6, is approved by us.

■ It appears that the old man was afflicted with a malady which caused him to soil the bed clothing and his personal attire requiring daily washing, and we believe that the sum of $10 per month for laundry is reasonable.

■ The deceased was completely disabled and confined to his bed for four days and three nights immediately preceding his death. He required constant attention night and day. Plaintiffs ask for $21, and we believe this amount to be fair, and it is therefore allowed. We itemize the amounts to be awarded as follows:

Board and Lodging, 4 mos. 4 days @ $40.00 per mo.............................. $165.32
Laundry 4 mos. 4 days @ $10.00 per month.... 41.00
Medicine .............................. 6.00
Nursing .............................. 21.00

Total .............................. $233.32

For the reasons assigned it is ordered, adjudged, and decreed that the judgment appealed from be, and it is, amended by increasing the amount allowed plaintiffs from $48 to $233.32, with legal interest from judicial demand until paid, and, as thus amended, it is affirmed.

Amended and affirmed.