## No. 4493.

### DOREINO LANDRY, Curator, *v.* DELAS, LORIO & Co. and als.

The plea of payment admits the existence of the debt, whose continuance will be presumed unless the defendant makes good his plea.

An administrator exceeds his proper functions when he enters into an agreement with the debtors of an estate to extend the terms of payment beyond that fixed by the original contract. The exercise of such a power by an administrator may be assimilated to acts done by agents which do not come within the purview of their powers, and which are therefore not regarded as binding on their principals. Therefore the defendants' plea in this case that they are not bound as sureties on the notes sued upon, for the reason that the plaintiff gave an extension of time to the principals without their knowledge and consent, is not well founded.

APPEAL from the Third (now the Fifteenth) Judicial District Court, parish of Lafourche. *Thamas P. Sherburne,* acting Judge in the place of the District Judge, recused. *Nicholls & Leblanc,* for plaintiff and appellant. *C. Knobloch, Belcher* and *Louis Bush,* for defendants and appellees.

Justices concurring: Ludeling, Taliaferro, Howell, Wyly, Morgan.

TALIAFERRO, J. Two suits under this title, between the same parties, were consolidated and tried together in the court below. Delas, Lorio & Co., in July, 1860, bought at the succession sale of Jean Coutade, deceased, a lot of ground with several buildings upon it in the town of Thibodaux, and a large lot of merchandise. The lot of ground with the buildings and improvements upon it was sold on a credit of one and two years. Four promissory notes, each for the sum of $1525, were executed by the purchasers for the payment of the price. Two of the notes were made payable in all the month of March, 1861, and the other two in all the month of March, 1862. The purchasers gave three sureties on these notes who were bound *in solido* with the principals. For the payment of the price of the merchandise the purchasers, with the same sureties, executed *in solido* a promissory note for $10,300, payable in all the month of March, 1861. The notes stipulate interest at eight per cent. per annum from their respective maturities. The principals having failed in business and taken the

benefit of the insolvent laws, are lost sight of in these suits, the object of the curator, the plaintiff in the suit, being to enforce payment of the notes against the sureties.

The defendants answer that they are not bound on the notes, for the reason that the plaintiff gave an extension of time to the principals without their knowledge and consent. They further plead payment and claim the benefit of division and discussion.

Judgment was rendered in favor of the defendants and the plaintiff has appealed.

The defendants' pleas are inconsistent. The plea of payment admits the existence of the debt, whose continuance will be presumed unless defendants make good their plea. 3 N. S. 273; 12 La. 397; 14 An. 54. An administrator exceeds his proper functions when he enters into an agreement with the debtors of an estate to extend the term of payment beyond that fixed by the original contract. The exercise of such a power by an administrator may be assimilated to acts done by agents which do not come within the purview of their powers, and which are, therefore, not regarded as binding on their principals. We think the judgment erroneous, and that the plaintiff is entitled to have judgment in his favor on the notes sued upon, subject to the several credits we think the defendants have established. There are various bills of exceptions in the record. The third, fifth and eighth relate to admissibility of the testimony of Delas, Lorio and Coynet to establish payments. We think the objections without weight. The defendants had certainly the right to establish the payments they made, and we think they have legally done so. The other bills of exceptions need not be passed upon for the purpose of deciding the case.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ordered that the plaintiff recover from the defendants *in solido* the following sums with interest, subject to the several credits herein below specified, to wit: Fifteen hundred and twenty-five dollars, with interest at eight per cent. per annum from the first of April, A. D. 1861; the like sum with like rate of interest from the same date; the like sum with like rate of interest from the first of April, A. D. 1862; the like sum with like rate of interest from the same date, first of April, 1862, and also the further sum of ten thousand three hundred dollars, with eight per cent. interest thereon from the first day of April, 1861; the whole subject to the following credits, viz: The sum of four hundred and eighty dollars, to date and have effect on the tenth of June, 1862; the sum of seven hundred and sixty-seven dollars and nineteen cents, to take effect from the thirteenth of August, A. D. 1861; the sum of six hundred and fifty-one dollars and thirty-seven cents, to date and have effect from the thirty-first of August, 1862; the sum of

Landry, Curator, v. Delas, Lorio & Co. and als.

seventy-six dollars and forty-six cents, to date and have effect from the first of September, A. D. 1865; the sum of two hundred and seventy-five dollars and eighteen cents, to date and take effect from the first of February, A. D. 1866; and the further sum of three thousand six hundred and sixty-five dollars, to date and take effect from the nineteenth of June, A. D. 1867. It is further ordered that defendants pay costs in both courts.