No. 1781

Second Circuit

W. B. SMITH v. H. C. TURNER

(October 21, 1925, Opinion and Decree.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Payment—Par. 19.**

The plea of payment admits the existence of the debt and throws upon the defendant the burden of proving payment.

2. **Louisiana Digest—Payment—Par. 20.**

If the defendant who pleads payment as a defense to a debt proves payment of a part only he will be given credit for the amount proven paid.

Appeal from Second Judicial District Court of Louisiana, Parish of Webster, Hon. J. E. Reynolds, Judge.

This is a suit to recover an amount due on an open account. The defense was payment. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Drew and Drew, of Minden, attorneys for plaintiff, appellee.

Lee and Lindsey, of Minden, attorneys for defendant, appellant.

ODOM, J.  This is a suit to recover the sum of $196.34 alleged to be due on open account for goods, wares and merchandise purchased by defendant from Richie Mercantile Co., Inc., between January, 1920, and January, 1921.

It seems that after the account was made the Richie Mercantile Co., Inc., was adjudged a bankrupt and that its assets were sold at Receiver's sale, at which sale plaintiff herein purchased this account.

Defendant, in answer, denied any indebtedness to plaintiff but admits that between January, 1920, and January, 1921, he purchased certain goods from the Richie Mercantile Co., Inc., as alleged, and he further farm produce delivered by defendant to especially alleged, in answer, that

"That part of said goods, wares and merchandise delivered to him by Richie Mercantile Company, Incorporated, were in payment of work and labor performed by his minor son, Alvin Turner, for the said Richie Mercantile Company, Incorporated, between January, 1920, and January, 1921; he further shows that any and all balance due for said goods, wares and merchandise was paid in cash to said corporation or in said corporation for its use."

There was judgment in favor of the plaintiff for the full amount sued for, less a credit of $75.00.

Defendant appealed, but has made no appearance in this court either to file a brief or to argue the case orally.

The plaintiff answered the appeal, asking that the judgment be amended so as to allow the full amount sued for.

OPINION.

The account sued on was made with the Richie Mercantile Co., Inc., which concern was adjudged a bankrupt and its assets sold.

This account was purchased by the plaintiff herein.

The defendant, in answer, admitted that he had purchased goods, wares and merchandise from the Richie Mercantile Company, Inc., but plead payment of this account.

The plea of payment admits the existence of the debt and throws upon the defendant the burden of proving payment.

Doreino Landry vs. Delas, Lorio & Co., 25 La. Ann. 181; Diggs, Hobson & Co. vs.

Parish, 18 La. 6; Jones vs. Bishop, 12 La. 398.

The defendant testified in his own behalf. He said that he had purchased goods from the Richie Mercantile Co., Inc., and had paid cash for them in a great many instances but he did not say that he had paid cash for items on this account. He testified that between January, 1920, and January, 1921, the period over which the account run, he had delivered to said company produce, such as butter, eggs and vegetables, for which he got no credit. He was unable to state how much of each he had delivered or the price but estimates that the value thereof was about $75.00.

He and his son testified that the son worked for the Mercantile Company as a clerk on Saturdays and legal holidays over a period of about five months, and they thought that all the time he had put in would amount to about two months.

There was no agreement as to how much the son was to be paid but they value his services at about $75.00 a month. This, we think, is excessive, in view of the fact that the youth was only 18 years old and had had no previous experience as a clerk.

The defendant has failed to make the proof of these payments as definite as should be, but there is no question but that he is entitled to credit for some amount on the account.

The district judge before whom the case was tried and who saw and heard all the witnesses, reached the conclusion that the defendant should have credit for $75.00. We cannot say that he manifestly erred.

The judgment appealed from is affirmed.