## No. 10,459

### Orleans

---

### BOSICH v. CASE

---

(May 24, 1926, Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Payment—Par. 21.**

Defendant who has admitted the existence of a debt carries the burden of proving its payment.

Appeal from First City Court, Section "C", Hon. Wm. V. Seeber, Judge.

Action by Peter Bosich against Anthony Case. There was judgment for defendant and plaintiff appealed.

Judgment reversed.

L. A. Dueros, of New Orleans, attorney, for plaintiff, appellant.

Robert O'Connor, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. Plaintiff alleges that he sold his oyster business to defendant by act before F. D. Charbonnet, notary public, for $500.00, of which $150.00. was

paid in cash and $350.00 by a note dated November 27, 1925, and maturing one year after date; that he received before maturity of the note a partial payment of $150.00 and therafter lost the note; that no further payments were made by defendant. He sues for $200.00.

Defendant pleads payment. From a judgment for defendant plaintiff has appealed.

Under elementary principles of procedure, defendant has admitted the existence of the debt and carries the burden of proving its payment. He has signally failed to sustain this burden. In his answer, when first interrogated on the stand, as a witness, he claims to have paid plaintiff, in person, at the (defendant's) place of business. Subsequently he testified that "a man brought me the note". He also testified that he put the note away and was unable to find it. F. D. Charbonnet, the notary before whom the act of sale was passed, testified that Case, the defendant, had agreed to give a chattel mortgage and a friend had agreed to loan the money, on an automobile truck for the purpose of paying plaintiff the balance due him and that Case subsequently refused to execute the mortgage; that after being served with citation in this suit Case came to him and said that he had destroyed the note. Case denied ever having seen Charbonnet or speaking to him after suit was filed.

Anthony Massich testified that he heard plaintiff and defendant discussing the lost note in Mr. Charbonnet's office and that Case agreed to execute a new note. The judgment appealed from must be reversed and it is now ordered that there be judgment for plaintiff, Peter Rosich, and against defendant Anthony Case, in the sum of $200.00 with interest thereon at the rate of 5% from judicial demand and all costs.