No. 3091

Second Circuit

———

## FLORSHEIM v. PORTER-WYNN UNDER-TAKING COMPANY

———

(July 1, 1929. Opinion and Decree.)
(October 1, 1929. Rehearing Refused.)

———

Cook & Cook, of Shreveport, attorneys for plaintiff, appellee.

Hugh C. Fisher, of Shreveport, attorney for defendant, appellant.

REYNOLDS, J. By this action plaintiff sought judgment against defendant for $240, as a balance due for rent for the months of July, August, September, October, November, and December, 1926, of certain premises in the city of Shreveport, La., leased by plaintiff to defendant, and, in aid of the main demand, obtained the issuance of a writ of provisional seizure under which certain movable property situated on the leased premises was seized.

The defendant excepted to the petition on the grounds that it did not state a cause of action against defendant; that it did not set forth the names of the persons constituting the defendant partnership; that there was a misjoinder of parties defendant; and that the allegations of the petition were too vague and indefinite to enable defendants intelligently to answer it.

The exceptions of no cause of action and misjoinder of parties were overruled, and the exception of vagueness sustained, and plaintiff was ordered to make her petition more definite and certain.

Thereupon plaintiff filed an amended petition alleging that she had leased to defendant the premises 900 Cain street in the city of Shreveport, La., at the price of $40 per month, and that the price of the lease for the months of July, August, September, October, November, and December of the year 1926, amounting to $240, was past due and unpaid.

Defendant excepted to the amended petition on the ground that it did not state a cause of action. The exception was overruled.

Thereupon defendant answered and pleaded payment.

On these issues the case was tried, and there was judgment in favor of the plaintiff and against the defendant for the debt sued for and sustaining the provisional seizure, and defendant appealed.

### OPINION.

The evidence fails to sustain defendant's plea of payment. The plea of payment admitted the existence of the debt sued for, and cast on defendant the burden of showing payment. Smith vs. Turner, 3 La. App. 91; Bosich vs. Case, 4 La. App. 653; Johnson vs. Jones, 5 La. App. 220.

Defendant has not appeared in this court and pointed out any error in the judgment appealed from, and we have not been able to find any ourselves.

"Judgments are presumed to be correct. Consequently when no appearance is made in this court, and no brief filed, nor argument made, on behalf of appellant, and the judgment, superficially considered, appears correct, it will be affirmed." Succession of Suner, 5 La. App. 121.

The judgment appealed from is affirmed.